## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-21-141-CBG** |
| | ) | |
| **ROBERT WAYNE MITCHELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is Defendant Robert Wayne Mitchell's Motion for Preliminary Injunction and Declaratory Relief (Doc. No. 48). The Government responded in opposition (Doc. No. 54).

### I.   Background

In 1993, Defendant was charged with burglary and first-degree murder for the killing of Myrtle McGehee in the District Court of Seminole County, Oklahoma. *See* Gov't's Resp. at 1. Following several days of trial, Defendant was found guilty of murder in the first degree and burglary by a Seminole County jury. *See id.* at 1. On November 3, 1993, Defendant was sentenced to life without parole for first-degree murder and twenty years for burglary, running concurrently. *See id.* at 1-2.

On April 12, 2021, the Seminole County District Court granted Defendant's Motion to Dismiss for Lack of Jurisdiction pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), vacating Defendant's conviction and sentence. *See* Def.'s Mot. at 3. On May 12, 2021, a Federal Grand Jury indicted Defendant, charging him with one count of Murder in

Indian Country for the 1992 killing of Myrtle McGehee (Doc. No. 7), giving rise to the instant case before this Court.

In September 2021, in response to the decision of the Oklahoma Court of Criminal Appeals in *Oklahoma ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), the Seminole County District Attorney's Office moved in state court to reinstate Defendant's original conviction and sentence. *See* Gov't's Resp. at 3. The state court has scheduled a hearing on that motion for December 14, 2021. *See id.*

## II.  *Discussion*

Defendant moves this Court to enjoin the state judge and district attorney involved in the motion to reinstate Defendant's original conviction and sentence from "proceeding with attempting to reinstate [Defendant's] vacated sentence" and to order "declaratory relief" directing that "the State of Oklahoma is and has been without jurisdiction" over Defendant.  Def.'s Mot. at 1.

Defendant cites no authority for the proposition that this Court, a federal district court presiding over Defendant's federal criminal case, has the authority to enter a preliminary injunction against state-court officers who are not parties to this proceeding. Defendant does not cite to any Rule in the Federal Rules of Criminal Procedure that would empower this Court to issue a preliminary injunction against non-party state officials.  Nor does Defendant direct the Court to any relevant case law recognizing such a power. Defendant instead relies on a number of United States Supreme Court cases discussing the preliminary injunction standard in the civil context pursuant to the Federal Rules of Civil

Procedure.  The Court therefore finds no basis to enter a preliminary injunction against the state judge and district attorney.

Defendant also provides no authority for his request that this Court order declaratory relief.  Defendant again does not cite any Rule in the Federal Rules of Criminal Procedure that would provide this Court a basis to grant the relief he seeks.  To the extent Defendant is referring to the Court's power to enter a declaratory judgment, which is unclear based on the cursory references to "declaratory relief" in his Motion, that is a civil remedy governed by Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, both of which are wholly inapplicable here.

Based on the foregoing, Defendant's Motion for Preliminary Injunction and Declaratory Relief (Doc. No. 48) is DENIED.

IT IS SO ORDERED this 13th day of December, 2021.

_____
CHARLES B. GOODWIN
United States District Judge